UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  09-CV-20010-LENARD

KATHERINE STEVENSON and JULIO MORENO,

    PLAINTIFFS,

vs.

WELLS FARGO BANK, N.A.

    DEFENDANT.
_____/

### DEFENDANT'S MOTION TO VACATE DEFAULT AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT

Pursuant to Fed. R. Civ. P. 55(c) and Local Rule 7.1, Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant") moves to vacate the default entered on May 6, 2009.  (D.E. 11). As set forth below, Wells Fargo's failure to timely respond to the Complaint was not willful and resulted from a clerical error.  Further, Wells Fargo has multiple meritorious defenses to the claims alleged in the Complaint, including, *inter alia*, that the claims are time-barred and that the statutes sued upon do not provide a right of action to plaintiffs.   In support, Wells Fargo states:

### Procedural Background

On January 5, 2009, plaintiffs Katherine Stevenson and Julio Moreno ("plaintiffs") commenced this action against Wells Fargo.  On January 20, 2009, Wells Fargo was served with process through its registered agent.  (D.E. 8).  A pleading or other response directed to the Complaint was therefore due on or before February 9, 2009.

On May 6, 2009, the Clerk entered a default against Wells Fargo.  Thereafter, upon Wells Fargo's discovery of the entry of the default, Wells Fargo immediately retained undersigned counsel on May 20, 2009, who filed a motion that same day, requesting until May 29, 2009, to

file the instant motion. (D.E. 13). The Court granted the motion for enlargement by Order dated May 21, 2009. (D.E. 16).

I.   **LEGAL STANDARD FOR SETTING ASIDE A DEFAULT**

Courts of this Circuit have a long standing policy of favoring resolution of cases on their merits rather than by default. See, e.g., Florida Physicians Insurance Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993) ("[D]efaults are seen with disfavor because of the strong policy of determining cases on their merits."). As a result, to obtain relief from a default under Rule 55(c), a movant must only make a "bare minimum showing." Jones v. Harrell, 858 F.2d 667, 669 (11th Cir. 1988). Further, "all doubts are resolved in favor of the party seeking relief from an entry of default." Lake James Assoc., Inc. v. Summit Technologies, LLC, 2006 WL 2789144 (M.D. Fla. Sept. 26, 2006).

Pursuant to Fed. R. Civ. P. 55(c), "[f]or good cause shown the court may set aside an entry of default." Good cause is a far more lenient standard than the related "excusable neglect" standard used to justify vacating a default judgment pursuant to Fed. R. Civ. P. 60(b). See Jones, 858 F.2d at 669; see also United States v. One Parcel of Real Property, 763 F.2d 181, 183 (5th Cir. 1985). Not susceptible to a precise definition, "good cause" has been labeled a liberal and mutable standard which varies from situation to situation. See Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F. 3d. 948, 951 (11th Cir. 1996). Nevertheless, "[i]n evaluating whether a movant has demonstrated 'good cause,' courts have considered several potential factors: whether the default was culpable or willful; whether setting aside the default would be prejudicial to the opposing party; whether the defaulting party presents a meritorious defense; whether public interests have been implicated; whether the defaulting party has suffered significant financial losses; and whether the defaulting party acted promptly to correct the default." Kilpatrick v. Town of Davie, No. 08-60775-CIV, 2008 WL

3851588 (S.D. Fla. Aug. 15, 2008).  However, in ruling on a motion to set aside a default, a defendant need not show "excusable neglect" for its failure to respond; only "good cause."  Id.

In this case, good cause exists because the default is due to a clerical error and not willful conduct.  Additionally, Wells Fargo acted promptly upon learning of the default and has multiple meritorious defenses.  Further, no prejudice to plaintiffs will result from setting aside the default.

## II.     GOOD CAUSE EXISTS TO VACATE THE DEFAULT

### A.     Wells Fargo's Failure To Serve a Timely Response To The Complaint Resulted From a Clerical Error.

Courts in this Circuit, and elsewhere, recognize that clerical errors or miscommunications inevitably occur and can cause parties to inadvertently overlook filing deadlines.  These courts consistently hold that when these errors occur, they present sufficient good cause to vacate a default.  See, e.g., Kilpatrick, 2008 WL 3851588 at *1-2 (finding good cause existed to set aside clerk's default where defendant's failure to respond to complaint was due to clerical errors); Carmody v. MHM Solutions, Inc., No. 08-14198-CIV, 2008 WL 2844038, at *2 (S.D. Fla. July 23, 2008) (same); Tanzy v. Ownership Enterprises, Inc., 1992 WL 386820 (5th Cir. 1992) (same); Boone v. Mizell, 1992 WL 245938 (7th Cir. 1992) (same).  See also 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2696 (1998) ("Relief from a default entry has been granted when the default was due to a mistake by counsel as to the applicable procedural rules or the effect of pre-answer motions on the time within which to answer; the illness of counsel, the client, or an employee; a clerical mistake, confusion, or a misunderstanding by counsel; or defendant's failure to receive service."); USA Flea Market, LLC v. EVMC Real Estate Consultants, Inc., 248 Fed. Appx. 108, 111 (11th Cir. 2007) (affirming district court's conclusion that good cause existed to vacate default where defendant's failure to respond was not willful).

Even under the more exacting "excusable neglect" standard applied to default judgments, the Eleventh Circuit has recognized clerical error as sufficient to justify relief.  See, e.g., Walter v. Blue Cross & Blue Shield of Wisconsin, 181 F. 3d 1198, 1202 (11th Cir. 1999) (concluding that the failure of a former secretary of the plaintiff's attorney to record the applicable deadline was the type of "innocent oversight" that constituted excusable neglect);  Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996) (delay in filing a timely pleading was attributable to excusable neglect where there was a miscommunication between two attorneys, which constituted "negligence" and "simply an innocent oversight by counsel" and there was no evidence that the Defendant had acted in bad faith).

As set forth in the Affidavit of Jean Emanuelson filed in support of this Motion, attached as Exhibit A, Wells Fargo's failure to serve a timely response was not culpable or willful.  As the Affidavit explains, the failure to respond to the Complaint was caused by an inadvertent typographical error by Ms. Emanuelson (an experienced paralegal) that resulted in the Complaint not being assigned to in-house counsel.

Specifically, as explained in the Affidavit, the Complaint first came to Ms. Emanuelson because it was devoid of sufficient identifying information to permit Wells Fargo to determine which line of business would be responsible for dealing with the case.  Because she was not able to find any information on a loan originated by Wells Fargo for any of the plaintiffs, Ms. Emanuelson went so far as to personally contact plaintiffs' counsel to obtain additional information. Emanuelson Aff., ¶ 5.  Even then, however, Ms. Emanuelson could not locate the loan in Wells Fargo's records.  Ultimately, she was able to determine that the loan was serviced

by Wells Fargo, but not owned or originated by it, and that the Complaint should be directed to the in-house legal team that deals with residential first mortgages. Emanuelson Aff., ¶ 5-6.[1]

At this point, pursuant to Wells Fargo policy, Ms. Emanuelson should have forwarded the Complaint by e-mail to Cynthia Ellsworth in the Wells Fargo Bank, N.A. legal department in Des Moines, IA, who would have assigned the Complaint to counsel. Emanuelson Aff., ¶ 7. However, although Ms. Emanuelson drafted a transmittal e-mail to Ms. Ellsworth, she inadvertently failed to include Ms. Ellsworth as a recipient on the e-mail's "To" distribution line. Emanuelson Aff., ¶ 7. Accordingly, the Complaint never reached Ms. Ellsworth and was never assigned to counsel. Id. This entire chain of events is shown by the e-mail chain attached to Ms. Emanuelson's affidavit. Id.

Plainly, Ms. Emanuelson's inadvertent failure to include Ms. Ellsworth's e-mail address on an e-mail addressed to Ms. Ellsworth does not evidence any type of willful or intentional decision to not timely respond to the Complaint. Instead, it shows that after diligent efforts to determine which department was responsible for handling the case, there was an inadvertent and unfortunate clerical error by an experienced paralegal that caused the Complaint's internal path to deviate from established procedure. Wells Fargo's failure to timely respond in this case is precisely the type of clerical error that has been found by both the Eleventh Circuit and multiple Judges within this District to constitute "good cause" sufficient to vacate a default. See, e.g., Kilpatrick, 2008 WL at 3851588, *1. This Court should reach the same conclusion.

### B.   **Wells Fargo Took Prompt Corrective Action Upon Learning of the Default.**

Further, Wells Fargo acted promptly to vacate the default. Within fourteen days of the default being entered on May 6, 2009, Wells Fargo assigned the matter to undersigned counsel

---

1 The role of a "servicer" is defined, generally, in 12 U.S.C. § 2605(i).

who immediately attempted to reach agreement with opposing counsel to have the default set aside, and also immediately appeared in the case and sought relief from the Court.

On these facts, consistent with cases from the Eleventh Circuit and this District, Wells Fargo acted within a reasonable time to vacate the default.  See USA Flea Market, LLC, 248 Fed. Appx. at 111 (affirming district court's motion to vacate default filed more than two months after the entry of the default, where the defendant acted promptly to vacate the default once counsel was obtained); Kilpatrick, 2008 WL 3851588 at *1-2 (holding that three week period between default and motion to vacate was "a reasonable time to respond and attempt to vacate the entry of default"); Woodbury v. Sears, Roebuck & Co., 152 F.R.D. 229, 237 (M.D. Fla. 1993) (holding that moving to set aside default within fourteen days is reasonably construed as "a prompt and diligent response to the entry of default.").

### C.   Wells Fargo Has Meritorious Defenses.

Additionally, because Wells Fargo has multiple meritorious defenses, this case should be decided on its merits.  In assessing a defendant's meritorious defense, the likelihood of success is not the measure.  Instead, a "hint of a suggestion of a meritorious defense is sufficient." United Artists Corp. v. Freeman, 605 F.2d 854, n. 4 (5th Cir. 1979); Tyco Fire & Sec. v. Alcocer, 2009 WL 789657 (S.D. Fla. March 23, 2009) (holding that defendant's allegations are "meritorious if they contain even a hint of suggestion, which, if proven at trial, would constitute a complete defense.").

In this case, Wells Fargo's meritorious defenses far exceed this standard.  Specifically, since the mortgage at issue was originated on May 2, 2005 (see Plaintiffs' Affidavits at D.E. 14, Ex. 1-4), and this case was filed on January 5, 2009, to the extent plaintiffs even allege cognizable claims, the first five counts of the Complaint are facially time-barred.

In Counts I and II, plaintiffs assert violations of TILA. Under TILA, all causes of action for <u>damages</u> must be brought within one year from the date of the occurrence of the alleged violation. <u>See</u> 15 U.S.C. §1640(e); <u>see</u> also <u>Ellis v. General Motors Acceptance Corp.</u>, 160 F.3d 703, 705 (11th Cir. 1998). Since all of the violations in this case are alleged to have occurred at or before closing, the one year limitations period expired in May, 2006, at the latest.

Further, under TILA, all claims for <u>rescission</u> are subject to a three year statute of repose that runs from the date of closing. <u>Beach v. Ocwen Federal Bank</u>, 523 U.S. 410, 419 (1998) (holding that TILA's three year absolute limitations period is a statute of repose). As the loan in this case closed in May 2005, plaintiffs' rescission claims were required to be filed by no later than May, 2008. In fact, at least one Circuit Court has held that the failure to file within three years deprives this Court of subject matter jurisdiction. <u>Miguel v. Country Funding Corp.</u>, 309 F.3d 1161, 1165 (9th Cir. 2002) (holding that after 3-year repose period expired, courts no longer had subject matter jurisdiction).

Similar to TILA, under RESPA, the violations of 12 U.SC. § 2607 which appear to be asserted in Counts III and V are subject to a one year limitations period. <u>See</u> 12 U.SC. § 2614. And, the claims in Count IV for alleged ECOA violations expired no later than two years after the May 2005 closing. <u>See</u> 15 U.S.C. § 1691e (two year limitations period under ECOA). Thus, plaintiffs' RESPA claims became time-barred no later than May 2006 and their ECOA claims became time-barred no later than May 2007, both well before the January 2009 filing date of this case.

Further, Counts I and II assert a claim for rescission under TILA. However, TILA's rescission remedy does not apply to "residential mortgage transactions" (e.g. initial purchases of property). As evidenced by the plaintiffs' loan application, a copy of which is attached as

Exhibit B, plaintiffs' mortgage loan was for an initial purchase and, therefore, TILA's rescission remedy is not available.[2]  See 15 U.S.C. § 1635(e)(1) (a "residential mortgage transaction" is an "exempted transaction" under TILA); see also 15 U.S.C. § 1602(w) ([t]he term "residential mortgage transaction" is defined as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"); Moret v. Select Portfolio Servicing, LLC, 2009 WL 1288062 (S.D. Fla. May 6, 2009) (holding that TILA rescission did not apply to initial purchase since it was not a "residential mortgage transaction").

As to Count III, to the extent plaintiffs attempt to state a claim for RESPA violations under 12 U.S.C. § 2604, the Eleventh Circuit has expressly held that there is no private right of action under § 2604 and its accompanying regulations.  Collins v. FMHA-USDA, 105 F.3d 1366 (11th Cir. 1997); Moret, 2009 WL 1288062 at *1.  Further, to the extent plaintiffs claim a failure to receive notice of the transfer of servicing of their loan, a copy of the servicing transfer letter sent to plaintiffs is attached as Exhibit C.

As to Count V, alleging violations of 12 U.S.C § 2607 for the payment of a yield spread premium ("YSP"), putting aside that the claim is time-barred, plaintiffs assert that YSPs are an illegal payment to the broker.  However, there is no statute or case law that holds that simply charging a YSP is illegal.  To the contrary, as the Eleventh Circuit has noted, YSPs are compensation paid by a lender to a mortgage broker that can be a "useful means to pay some or all of a borrower's settlement costs as well as a legitimate tool to assist the borrower."  See

---

2  This Court may consider the loan application pursuant to Horsely v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) since the loan documents are referenced in the Complaint and material to plaintiffs' allegations.

Busby v. JRHBW Realty, Inc., 513 F.3d 1314, 1321 (11th Cir. 2008) (quoting 66 Fed.Reg. 53052, 53054 (Oct. 18, 2001) (Statement of Policy issued by HUD).  Accordingly, plaintiffs' legal premise is simply wrong.  And, as the documents attached to plaintiffs' own affidavits show, Wells Fargo was not the lender in the transaction.  Instead, the loan was originated by Southstar Funding, LLC.

As to Count VI, the Eleventh Circuit has held that no private right of action exists under the Fair Credit Reporting Act unless and until the notice and dispute provisions of section 1681s-2(b) are complied with in full.  See 15 U.S.C. § 1681s-2; Green v. RBS Nat. Bank, 2008 WL 2957118 (11th Cir. Aug. 4, 2008).  There are no allegations in this case that the provisions of section 1681s-2(b) were followed; instead, plaintiffs simply allege inaccurate credit reporting.  As such, no right of action exists under FCRA and plaintiffs' claims fail.  Id.; See also Rush v. Macy's New York Inc., 775 F.2d 1554, 1557 (11th Cir. 1985).

Finally, as to Count VII, FDUTPA expressly exempts national banks such as Wells Fargo from its scope.  See § 501.212(4)(c), Fla. Stat. (2008) (exempting "banks or savings and loan associations regulated by federal agencies" from the provisions of the statute).

In view of the above, Wells Fargo has stated meritorious defenses.

### D.  Plaintiffs Will Not Suffer Any Prejudice.

Additionally, plaintiffs will not suffer any prejudice as a result of vacating the default.  "The fact that setting aside an entry of default would deprive a plaintiff from a quick resolution of the case is not the type of prejudice relevant to the Court's inquiry … [r]ather the prejudice to be considered is the effect of setting aside the default, if any, on Plaintiff's ability to prosecute the case on the merits." Tyco Fire & Sec. et al., 2009 WL 789657, at *3-4 (internal citations omitted) (finding that in spite of the fact that the case had been pending for four years, plaintiffs

did not allege that delay affected their ability to prosecute the case on the merits, and therefore, plaintiffs would not suffer prejudice by vacating entry of default.).

In this case, plaintiffs made no effort to advance the case between February 9, 2009, when Wells Fargo's response to the Complaint was due, and April 27, 2009, the date on which the Court entered an Order to Show Cause requiring plaintiffs to file proof of service, thereby forcing them to advance the case. (D.E. 6). Plainly, therefore, plaintiffs cannot claim any undue delay caused by Wells Fargo.

Further, since this case has been pending for only four months and nearly all of the allegations are based on conduct occurring nearly four years ago, plaintiffs cannot argue that any delay has affected their ability to prosecute the case on its merits.

Clearly, plaintiffs cannot show prejudice as a result of any delay caused by Wells Fargo.

### III. CONCLUSION

Wells Fargo has demonstrated that its conduct was not willful and that it has acted with diligence in moving to vacate the default. Further, Wells Fargo has demonstrated that it has multiple meritorious defenses to plaintiffs' claims and has further demonstrated that no prejudice would be suffered by plaintiffs upon vacating the default.

WHEREFORE, Defendant Wells Fargo Bank, N.A. requests that this Court enter an Order vacating the Default entered by the Clerk, and for such other and further relief it deems just and proper.

Respectfully Submitted,

CARLTON FIELDS, P.A.
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, FL  33401-6149
mwinston@carltonfields.com
Telephone:  (561) 659-7070
Facsimile:        (561) 659-7368

>By:   /s/ Michael K. Winston
>        Michael K. Winston
>        Florida Bar No. 051403
>
>*Attorneys for Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing system:

Ray Garcia, Esq.
Florida Bar No. 0115850
The Law Office of Ray Garcia, P.A.
1688 Meridian Avenue, Suite 902
Miami Beach, Florida 33139
Telephone:  305-672-5007
Facsimile:   305-672-0470
E-mail: raygarcialaw@yahoo.com

>CARLTON FIELDS, P.A.
>525 Okeechobee Boulevard, Suite 1200
>West Palm Beach, FL  33401-6149
>mwinston@carltonfields.com
>Telephone:  (561) 659-7070
>Facsimile:        (561) 659-7368
>
>By:   /s/ Michael K. Winston
>        Michael K. Winston
>        Florida Bar No. 051403